No. 4046

Second Circuit

ALTON ET AL. v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE, ANCIENT FREE AND ACCEPTED MASONS OF THE STATE OF LA.

(July 14, 1931. Opinion and Decree.)
(October 5, 1931. Rehearing Refused.)

Isaac Wahlder, of Alexandria, attorney for plaintiffs, appellees.

Herndon & Herndon and C. M. Roberson, of Shreveport, attorneys for defendant, appellant.

DREW, J. The heirs of Joe H. Dunlap sued on an insurance policy for the amount of $575, alleging that Joe H. Dunlap was a member in good standing of the defendant organization at the time of his death, and that said defendant had issued to Joe H. Dunlap an insurance policy for $500 on his life and $75 for funeral expenses; alleged that Joe H. Dunlap's wife was named beneficiary in said endowment policy and that she has died since the death of her husband. It is admitted that plaintiffs are the heirs legally entitled to the insurance, if any is due. The sole defense is that Joe H. Dunlap was not a member in good standing of the defendant organization at the time of his death. The lower court rendered judgment as prayed for and defendant has appealed to this court.

Joe H. Dunlap died August 6, 1928, and his wife, the named beneficiary, died July 24, 1929. This suit was filed June 9, 1930, nearly two years after the death of the insured and nearly one year after the death of the named beneficiary. Defendant proved that the grand lodge had received no dues for Joe H. Dunlap after May, 1928; that his dues for June and July, 1928, were not paid into the grand lodge by the local secretary, and his name was not carried on the monthly report for the month of June and July, 1928. This is the report made by the local secretary to the grand lodge each month.

This court has repeatedly held that if the dues of a member of the local lodge are paid to the secretary of the local lodge within the time allowed by the charter (in this case on or before the tenth of the month) he is in good standing regardless of the negligence of the local secretary in sending same to the grand lodge. But when the defense is that the insured was not in good standing, the burden is on the plaintiff to show that the dues were

paid to the local secretary within the time fixed in the charter and by-laws.

In this case the secretary of the local lodge at the time of the death of Joe H. Dunlap is now in the penitentiary for embezzling funds of the lodge. No attempt was made to take his testimony, the plaintiffs contenting themselves with offering the testimony of two or three members and officers of the local lodge who testified that the secretary at some time near the date of the death of Joe H. Dunlap said in open lodge that Joe H. Dunlap was in good standing. They could not give dates, nor could they say whether it was just before his death or just after his death. This testimony was objected to by defendant, but admitted over the objection. There were no minutes of the meeting offered to show such a report as being official. The officers of the local lodge made arrangements for Joe H. Dunlap's funeral, but does not show that they paid the expenses of same.

There is no positive testimony from any witness nor any written evidence that the insured's dues were paid for June and July and the kind of testimony offered, if admissible, we think insufficient to prove that the dues were paid and to base a judgment on. The named beneficiary in the policy, his wife, who died nearly one year after the insured's death, did not file suit to recover on the policy, a circumstance rather unusual. She no doubt knew more about his affairs than anyone else.

We cannot presume that Joe H. Dunlap's dues were paid for June and July, 1928, and there is not in the record sufficient evidence to prove this fact.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed and the demands of the plaintiffs rejected at their cost in both courts.